IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JACOB THOMAS EARLS                                                                                       PLAINTIFF

v.                                          3:22-cv-00005-DPM-JJV

STEVE FRANKS, Sheriff,
Greene County Sheriff's Department; *et al.*                                                  DEFENDANTS

## ORDER

Jacob Thomas Earls ("Plaintiff") is a pretrial detainee in the Greene County Detention Facility. He has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* ("IFP Application"). (Docs. 1, 2.)

I.     **FILING FEE**

The total cost for filing a civil action in federal court is $402, which includes a $350 statutory fee and a $52 administrative fee. A prisoner who does not seek or is denied *in forma pauperis* status must pay the full $402 fee immediately. However, if *in forma pauperis* status is granted, the $52 administrative fee is waived, and the prisoner must pay the $350 statutory fee in monthly installments taken from his or her institutional account. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). If the prisoner has sufficient funds, an initial partial filing fee is collected as soon as *in forma pauperis* status is granted, and the remainder of the fee is collected monthly. 28 U.S.C. § 1915(b)(1). The Court makes these determinations based on the financial information provided in an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Calculation of Initial Payment of Filing Fee Sheet ("Calculation Sheet"). Importantly, if the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full fee will be collected, and no portion will be

1

refunded to the prisoner.

Plaintiff's IFP Application is denied as incomplete because it is missing a Calculation Sheet, which seeks information about the funds that may have been in Plaintiff's institutional account for the last six months. The Court must have that information to determine whether Plaintiff is entitled to proceed *in forma pauperis* and, if so, the amount of the initial partial filing fee. Plaintiff has thirty (30) days to either pay the $402 filing fee in full or file a properly completed IFP Application and Calculation Sheet.

### II.    PROCEEDING *PRO SE*

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). For this reason, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. The Court will not consider claims stated in notices or other pleadings that fail to comply with the Federal Rules of Civil Procedure. **This means all allegations against all defendants must be included in one document that is labeled a complaint or amended complaint. Importantly, an amended complaint will replace the original complaint and render it without any legal effect.**

Plaintiff also must comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Local Rule 5.5(c)(2), which states:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2) (emphasis added).

III.     **MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

After Plaintiff has paid the filing fee or filed a proper IFP Application, I must screen the Complaint and dismiss any and all claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  The Complaint, as it currently stands, contains many factually and legally unrelated claims that are not properly joined in one lawsuit. *See* Fed. R. Civ. P. 20(a)(2) (providing that multiple defendants may be joined in one lawsuit only if the claims involve a "question of law or fact" that is "common to all defendants"); Fed. R. Civ. P. 21 (explaining that a court may *sua sponte* "add or drop" an improperly joined party or claim). Only after I have screened the Complaint and determined whether there are any properly pled and joined claims, may I then consider whether Plaintiff is entitled to preliminary injunctive relief. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (a request for preliminary relief must be related to the pending claims); *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (a preliminary injunction is inappropriate for dealing with matters "lying wholly outside the issues in the suit").  Accordingly, Plaintiff's Motion for Preliminary Injunctive Relief is denied as premature.[1]

---

[1] Plaintiff should familiarize himself with the stringent requirements for obtaining preliminary relief.  *See* Fed. R. Civ. P. 65(a) and (b)(rules for obtaining preliminary relief <u>with</u> and <u>without</u> notice to the opposing side); *Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013) (factors a court must consider when determining whether preliminary relief is warranted); Local Rule 7.2(e) (motions for preliminary relief cannot be imbedded in a complaint and must be requested in a separate motion with an accompanying brief).

IV.     **CONCLUSION**

   IT IS, THEREFORE, ORDERED that:

   1.   Plaintiff's IFP Application (Doc. 1) is DENIED.

   2.   The Clerk is directed to mail Plaintiff an IFP Application and a Calculation Sheet.

   3.   Plaintiff must, **within thirty (30) days of the date of this Order**, either: (a) pay the full $402 filing fee; or (b) file a properly completed IFP Application and Calculation Sheet.[2] Failure to do so may result in dismissal of this action without prejudice.

   4.   Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 5) is DENIED.

   DATED this 12th day of January 2022.

                                         _____
                                         JOE J. VOLPE
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff must complete and sign the IFP Application, while an authorized jail official must complete and sign the Calculation Sheet.