IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JACOB THOMAS EARLS                                                    PLAINTIFF

v.                              3:22-cv-00005-DPM-JJV

STEVE FRANKS, Sheriff,
Greene County Sheriff's Department; *et al.*                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.    Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection.    If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.    Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.    Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## DISPOSITION

## I.    DISCUSSION

Jacob Thomas Earls ("Plaintiff") is a pretrial detainee in the Greene County Detention Facility.    He has filed a *pro se* Amended Complaint and supporting documents alleging his constitutional rights, as protected by 42 U.S.C. § 1983, were violated during his October 22, 2021 arrest.    (Docs. 14, 17, 18, 20, 21, 23.)    The Court must screen Plaintiff's allegations pursuant to 28 U.S.C. § 1915A.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking

First, Plaintiff says that, on October 22, 2021, Lieutenant Ashley Worcester, Officer Shane Martin, Deputy Caleb Pitcher, and Deputy Shannon Anthony searched his home and arrested him without a warrant and used excessive force against him.   Broadly construing his allegations, it appears Plaintiff is claiming Sheriff Steve Franks authorized these actions.   I conclude, for screening purposes only, Plaintiff has pled plausible Fourth Amendment claims against these five Defendants.   However, Plaintiff says criminal charges stemming from his arrest are still pending in state court.   (Doc. 14 at 1.)   In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the United States Supreme Court held a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges.   *See also Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012).   If these three elements are met, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Assn.,* 457 U.S. 423, 435 (1982).

The state criminal charges against Plaintiff are ongoing, the state clearly has an important interest in enforcing its criminal justice procedures, and Plaintiff will have the opportunity to raise his constitutional claims during his state proceedings through his court appointed counsel.[2]

---

relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

[2] In his Objections, Plaintiff asks the court to preserve bodycam footage and hold an evidentiary hearing about what happened during his arrest.   (Doc. 20 at 1.)   Plaintiff should raise these matters with his criminal defense attorney.

(Doc. 14 at 1; Doc. 21 at1.)   Furthermore, there is no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate.   Thus, *Younger* abstention applies.   Because Plaintiff only seeks monetary damages, and not injunctive relief, I recommend this case be administratively terminated and stayed until his proceedings in state court are concluded.   *See Quackenbush v. Allstate Ins., Co.,* 517 U.S.706, 730 (1996); *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598 (8th Cir. 1999).

Next, Plaintiff claims that, after his arrest, Defendant Worcester failed to padlock his home causing it to be burglarized, burned down, and all of his personal property destroyed.   Prisoners cannot bring a § 1983 due process claim for the intentional or negligent loss of their personal property, as long as the State provides a post-deprivation remedy to address the property loss.   *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).   Arkansas provides such a post-deprivation remedy by allowing Plaintiff to file a negligence or conversion action in state court.   *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision).   Because Plaintiff has that adequate post-deprivation remedy available to him in state court, he has not pled a plausible federal due process claim.   Thus, I recommend this claim be dismissed.

Third, Plaintiff says Lieutenant Worcester and Deputy Anthony did not bring his ankle support, knee brace, or nebulizer to the detention center.   As previously explained in my February 7, 2022 Order (Doc. 11), Plaintiff's claims about his arrest are factually and legally distinct from his claims about the medical care he is receiving at the Greene County Detention Facility.   *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims involve a "question of law or fact" that is "common to all defendants").   Thus, Plaintiff's

inadequate medical care claims against Defendants Worcester and Anthony should be dismissed without prejudice so that Plaintiff may, if he so chooses, pursue them in a separately filed lawsuit. *See* Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542  (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

Finally, Plaintiff named Defendants Nurse McQuay, Nurse Burns, Nurse Gibson, and Jail Administrator Case in the original Complaint.   (Doc. 2.)   But, he has not renewed any allegations against them in his Amended Complaint and supporting documents.   (Docs. 14, 17, 18, 20, 21, 23.)   Accordingly, I recommend these four Defendants be dismissed without prejudice.

II.     **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants McQuay, Burns, Gibson, and Case be DISMISSED without prejudice.

2.      Plaintiff's due process claim and inadequate medical care claims against Defendants Worcester and Anthony be DISMISSED without prejudice.

3.       Plaintiff's Fourth Amendment claims against Defendants Franks, Worcester, Martin, Pitcher, and Anthony be STAYED until state criminal proceedings are concluded, and this case be administratively terminated.

4.      The Clerk be directed to reclassify this case as a 550 action.[3]

DATED this 7th day of April 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] The 550 classification is for internal court procedures only. It will have no material effect on Plaintiff's claim should the stay later be lifted.